IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


MARCUS D YOUNG                                            PETITIONER

v.                    Case No. 5:09CV00378 SWW-JTK

RAY HOBBS, Director,
Arkansas Department of Correction
(originally named as Larry Norris)[1]               RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

<u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

_____

[1]Under Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts, the proper Respondent is the state officer who has custody of Petitioner.  That officer is Ray Hobbs, the current Director of the Arkansas Department of Correction.  <u>See also</u> Rule 25(d) of the Federal Rules of Civil Procedure.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Marcus D. Young, an inmate of the Arkansas Department of Correction, has filed a petition for writ of habeas corpus. The Drew County, Arkansas, prosecuting attorney charged Young with shooting at a vehicle operated by Bobby Theus, thereby causing

serious physical injury (Respondent's Exhibit 1).[2]  Young pleaded guilty to the charge of committing a terroristic act, and for sentencing purposes, the court impaneled a jury.   The jury recommended a twenty-year prison sentence, and the trial court followed that recommendation (Respondent's Exhibit 2).  Petitioner appealed, but the Arkansas Court of Appeals affirmed his conviction.  Young v. State, No. CACR 04-925, 2005 WL 846098 (Ark. App. April 13, 2005)(Respondent's Exhibit 3).   He did not seek Arkansas Supreme Court review of that decision.

Young filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Respondent's Exhibit 4), and the trial court denied relief because neither he nor his attorney verified the petition.[3]  Petitioner appealed, and the Arkansas Supreme Court reversed and remanded, finding that, although two subsequently-filed amended petitions were unverified and properly dismissed,[4] the trial court was obligated to rule on

---

[2]Young was also charged as a felon in possession of a firearm, but the charge was nolle prossed.

[3]A public defender represented Young during his trial, but he retained different counsel to pursue post-conviction relief.

[4]In his petition, Young states that, on or about September 27, 2005, he filed an amended petition under Rule 37.1 that did not raise any new points and merely elaborated on the existing allegations.  DE # 1, Petition, at 3.  The Arkansas Supreme Court's opinion, however, references two amended petitions and states that both petitions repeated the grounds in the original petition and added new grounds.  See Young v. State, No. CR 06-587, 2007 WL 474912 at *1 (Ark. Feb. 15, 2007).

claims raised in the initial petition that was timely filed and properly verified. <u>Young v. State</u>, No. CR 06-587, 2007 WL 474912 (Ark. Feb. 15, 2007) (Respondent's Exhibit 5). Upon remand, the trial court denied the petition by order dated April 3, 2007 (Respondent's Exhibit 6). On May 1, 2007, Young's counsel filed a motion for reconsideration (Respondent's Exhibit 7), and the trial court never ruled on the motion; therefore, on June 6, 2007, counsel filed a notice of appeal from the denial of the motion for reconsideration (Respondent's Exhibit 8).[5] On April 17, 2008, the Arkansas Supreme Court granted the State's motion to dismiss the appeal because Young did not appeal from the denial of post-conviction relief, and the notice of appeal filed by counsel referenced only the denial of the motion for reconsideration.

---

[5]Young's counsel missed the briefing deadline and twice filed a nonconforming brief on appeal. However, upon tender of a proper brief and a motion to file belated brief, the Arkansas Supreme Court granted the motion to prevent the criminal appeal from being aborted and referred counsel to the Committee on Professional Conduct. <u>See Young v. State</u>, 372 Ark. 219, 272 S.W.3d 109 (2008) (per curiam). In CPC (Committee on Professional Conduct)Docket No. 2008-036, filed December 29, 2008, the Arkansas Supreme Court Committee on Professional Conduct, Panel A, found counsel violated Rules 1.3 and 8.4(d) of the Arkansas Rules of Professional Conduct. Counsel was reprimanded, fined $1,000, and assessed $50 costs. After another referral by the Arkansas Supreme Court, counsel was again sanctioned in CPC Docket No. 2009-061, filed September 29, 2009, for violation of Rules 1.1, 1.3, and 8.4(d), and was assessed $150 costs and suspended for a period of four months, with suspension withheld on the condition that he agree to a one-year probationary period, under the supervision of another attorney, approved by the Office of Professional Conduct, who would supervise, monitor and assist counsel as required to fulfill the conditions of probation. <u>See Young v. State</u>, 375 Ark. 366, 290 S.W.3d 605 (2009) (per curiam).

<u>Young v. State</u>,373 Ark. 264, 283 S.W.3d 1988 (2008)(per curiam)(Respondent's Exhibit 9).

On December 19, 2008, counsel filed a motion for rule on clerk, wherein he admitted to his erroneous belief that the time to file a notice of appeal was tolled pending the trial court's ruling on the motion for reconsideration of the denial of post-conviction Rule 37 relief.  The Arkansas Supreme Court treated the motion for rule on clerk as a motion to file belated appeal and denied the motion due to counsel's failure to satisfy the eighteen-month rule set forth in Rule 2(e)of the Arkansas Rules of Appellate Procedure-Criminal.[6] <u>Young v. State</u>, 375 Ark. 366, 290 S.W.3d 605 (2009) (per curiam) (Respondent's Exhibit 10).

I.

In these proceedings, Young raises the following grounds for relief:

> 1.  Trial counsel was ineffective because, prior to the entry of his guilty plea, Petitioner maintained that the shooting was in self-defense, but counsel refused to entertain and

---

[6]Belated appeals in criminal cases are governed by Rule 2(e) of the Arkansas Rules of Appellate Procedure-Criminal, that provides in pertinent part:

> The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken.

failed to explore it as a possible defense;

2.   Trial counsel was ineffective for erroneously advising Petitioner that he would receive a lesser sentence if he submitted to sentencing by a jury as opposed to the trial court;

3.   Trial counsel was ineffective for erroneously informing Petitioner that the jury would sentence him to ten (10) years instead of the twenty (20) years to which he was actually sentenced;

4.   Trial counsel was ineffective because he was not aware of a change in the law that would result in Petitioner not being eligible for good time, and therefore, counsel allowed the State to mislead the jury that Petitioner could potentially serve only half of any sentence imposed, thereby causing the jury to double the sentence; and

5.   Trial counsel was ineffective for allowing Petitioner to be subjected to a sentencing enhancement as a repeat offender of a crime involving a firearm, when the prior conviction was reduced from aggravated robbery to robbery and no evidence was presented that indicated a firearm was involved in the commission of that prior offense.

DE #1, Petition, at 4.   Respondent admits Petitioner is in his custody, however, denies Young is entitled to habeas corpus relief because "[e]ach of Young's claims ... [are] time-barred under 28 U.S.C. § 2244(d)(1)."   DE #5, Response, at 4.

This Court advised Young of his opportunity to file a reply to Respondent's argument that the claims are time-barred, DE # 7, Order, and twice granted extensions to Young's habeas counsel, DE ## 9, 13, to so file.   Counsel did not file a reply.

## II.

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas

relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.   28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court, <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), <u>cert. denied</u>, 525 U.S. 1187 (1999), if the petitioner obtained or sought review of the judgment by the state's court of last resort.[7] <u>Riddle v. Kemna</u>, 523 F.3d 850, 854-55 (8th Cir. 2008).   The Arkansas Court of Appeals is not a court of last resort; therefore, when a petitioner does not seek discretionary review by the Arkansas Supreme Court, "'the expiration of time for seeking [direct] review' does not include the time period that [petitioner] could have filed a petition for certiorari." <u>Parmley v. Norris</u>, 586 F.3d 1066, 1073 (8th Cir. 2009).

In the instant case, the Arkansas Court of Appeals affirmed Young's conviction by opinion dated April 13, 2005, and the Clerk issued the mandate on May 3, 2005.   Thus, the statute of limitations began running, and the filing deadline for the habeas petition was May 3, 2006, unless the one-year period of limitation was tolled.

---

[7]Such a judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety (90) days allowed for filing a petition for certiorari. <u>Smith v. Bowersox</u>, 159 F.3d at 348.   Under United States Supreme Court Rule 13.1, the ninety day period is counted from the date the state court files its opinion.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2)when a prisoner properly files a state post-conviction motion, or otherwise seeks collateral relief, in a state court proceeding.[8]  The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  <u>Mills v. Norris</u>, 187 F.3d 881, 883-84 (8th Cir. 1999).

It is undisputed that Young's Rule 37 post-conviction petition was timely and properly filed on July 1, 2005.  <u>See</u> Ark. R. Crim. P. 37.2(c) (If an appeal was taken from the judgment of conviction, a Rule 37 petition must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court).  The federal limitations period was tolled, therefore, from the initiation of the Rule 37 proceedings in the state circuit court until they "achieved final resolution" on April 17, 2008, when, by per curiam opinion, the Arkansas Supreme Court dismissed the appeal—a period of 1021 days.

On December 19, 2008, Young filed a motion for rule on clerk that the Arkansas Supreme Court treated as a motion for belated appeal and dismissed as untimely on January 15, 2009.  The statute of limitations was not tolled while this motion was pending.  <u>See</u>

---

[8]An "application is '<u>properly</u> filed' when its delivery and acceptance are in compliance with the application laws and rules governing filings." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (emphasis in original).

Smith v. Hobbs, Case No. 5:10CV00002 JLH-BD, 2010 WL 2243796, *3 (E.D. Ar. May 17, 2010)(citing Jimenez v. Quarterman, 555 U.S. 113 (2009)(a timely and successful motion for belated appeal restores the pendency of the direct appeal process)).

In summary, this federal habeas petition was filed 1682 days after affirmance of Young's state judgment of conviction, but the limitations period was tolled while the Rule 37 proceedings were pending (1021 days).  Excluding this period, the federal habeas petition was filed 661 days, i.e., more than one year, after Young's state conviction became final.  Thus, the Court concludes that Young initiated this habeas action long after the one-year limitations period imposed by Section 2244(d)(1)(A). As such, unless Young can establish some basis for tolling the limitations period, the petition must be dismissed as time-barred.

III.

Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). A court may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace

v. DiGuglielmo, 544 U.S. 408, 418 [(2005)].[9] "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).   Although given the opportunity, Young has not explained why he did not file a timely petition.

Further, Young has not shown that extraordinary circumstances made it impossible for him to file a timely petition. Additionally, ineffective assistance of counsel does not ordinarily entitle a petitioner to equitable tolling, Walker v. Norris, 436 F.3d 1026, 1033 (8th Cir. 2006), although "serious attorney misconduct" may. See United States v. Martin, 408 F.3d 1089, 1093-95 (8th Cir. 2005).  Young argues he received ineffective assistance of counsel at the trial level; hence, equitable tolling is not warranted here because this is not a situation where the alleged ineffective assistance specifically impacted the timely filing of the habeas petition.  In Martin, the petitioner was assured by counsel that his habeas petition would be filed and that the one-year statute of limitations did not apply. Id. at 1094.  Counsel in Martin did not timely file the petition, and due to the attorney's serious misconduct, the limitations period was equitably tolled.  Here,

---

[9] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

Young claims ineffective assistance of the attorney who represented him in the criminal trial. He does not assert that the actions of defense attorney specifically affected his ability to timely file his habeas petition. For this reason, the one-year limitations period should not be tolled.

IV.

Young's habeas petition is not timely filed, and equitable tolling is not warranted. There is no need to address Respondent's alternative argument that the issues in the petition are procedurally barred.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this <u>29th</u> day of <u>March</u>, 2011.

_____
United States Magistrate Judge